IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROBERT AVILA,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>RICHARD J. KIRKLAND, Warden,<br><br>　　　　Respondent.<br>_____/ | No. C 04-2253 WHA (PR)<br><br>**DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

　　　This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254.  The court ordered respondent to show cause why the writ should not be granted.  Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court.  Petitioner has responded with a traverse.  For the reasons set forth below the petition is **DENIED**.

## DISCUSSION

**A.　STANDARD OF REVIEW**

　　　A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28

U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

///

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.   ISSUES PRESENTED**

The petition in this case is directed to petitioner's classification as a gang member and consequent confinement in the Security Housing Unit ("SHU").  The Court initially doubted that the claim went to the validity of petitioner's confinement or the length of it, but after hearing from petitioner on the question, concluded that the case could proceed as a habeas case because petitioner was unable to earn certain time credits while confined in the SHU.

As grounds for habeas relief petitioner asserts that his due process rights were violated in that there was insufficient evidence to "validate" him as a gang member, that validating him as a gang member based in part on his possession of a list of Nahuatl words violated his First Amendment rights, and that the institution's ban on use of Nahuatl words is unconstitutional.

**1.   "SOME EVIDENCE"**

In *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), the Supreme Court held that prison disciplinary proceedings do not satisfy due process requirements unless there is "some evidence" in the record to support the findings of the prison disciplinary board.  This standard applies to placement in a SHU for gang affiliation. *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (noting that any one of three pieces of evidence -- a sheriff's department report that prisoner was a gang member, a probation report that prisoner's codefendant was a gang member, and a statement from a prison informant -- would constitute "some evidence").

The initial decision in 1999 to validate petitioner as a member of the Mexican Mafia prison gang was based on four items, and the decision in 2003, which is at issue here, was based on three items of evidence.  These were a memorandum dated August 8, 1999, and two memoranda dated September 17, 1999 (resp. exh. 4, 5, 7).  These memoranda were based on information developed when petitioner was in jail in Riverside, California, awaiting trial.  Two chronicle reports from a Riverside County Sheriff's Department detective that petitioner had written to two known members of the EME-Mexican Mafia gang, with the basis for concluding

3

1  that they are EME members set out and photocopies of the correspondence, with the detective's
2  notes, attached (exh. 5, 6). Both memoranda point out that the correspondence "speaks of other
3  gang members." (*Ibid.*) The third item was a memorandum reporting that the same Riverside
4  detective had seized a list of Nahuatl words and their English meanings from petitioner's cell
5  and stating that based on the officer's experience with gangs, EME members commonly use
6  Nahuatl to avoid interception of their communications (exh. 7). A copy of the list of words
7  with the Riverside detective's explanation of how it was discovered and how the words are used
8  by the gang was attached (*ibid.*).

9  Ascertaining whether the "some evidence" standard is satisfied does not require
10 examination of the entire record, independent assessment of the credibility of witnesses or
11 weighing of the evidence. *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986).
12 Instead, the relevant question is whether there is any evidence in the record that could support
13 the conclusion reached. *Id.* at 1005-06. Even if it is assumed for purposes of decision on this
14 issue that the list of Nahuatl words should not have been considered, the remaining evidence
15 described above is evidence that could support the conclusion reached, and this is even clearer
16 if the list is considered. There was no constitutional violation.

17     **2.    USE OF THE WORD LIST AS EVIDENCE**

18 Petitioner contends that basing his gang validation on possession of the list of Nahuatl
19 words violated his First Amendment rights. An argument that a ban on possession of writings
20 in Nahuatl is unconstitutional was recently rejected by the Court in a civil rights case brought
21 by petitioner. *See Avila v. Woodford*, No. C 05-2063 WHA (PR) (Order Sept. 28, 2007).

22 This is a habeas case, however, and only claims that go to the fact or length of
23 petitioner's incarceration are grounds for relief. *See Moran v. Sondalle*, 218 F.3d 647, 650-52
24 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper
25 method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 &
26 n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and
27 conditions of confinement must be brought in civil rights complaint). Because there is no due
28 process right limiting the evidence that can be considered in determining whether

1  administrative segregation is appropriate, and because there was "some evidence" to support the
2  decision even without the allegedly-protected materials, this claim cannot succeed.

### 3. CONSTITUTIONALITY OF BAN ON NAHUATL

Petitioner also contends that the institution's ban on possession of materials containing Nahuatl words violates the First Amendment. This is the claim rejected in petitioner's civil rights case mentioned above. As it has no bearing on the fact or length of petitioner's confinement, it is not a proper basis for habeas relief.

### CONCLUSION

Petitioner has not established that his constitutional rights were violated in connection which his validation as a gang member. The rejection of these claims by the state courts, therefore, could not have been contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority. The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March   26  , 2008.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.04\AVILA253.RUL.wpd