IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROBERT AVILA,<br><br>    Petitioner,<br><br>  vs.<br><br>RICHARD J. KIRKLAND, Warden,<br><br>    Respondent.<br>                                                          / | No. C 04-2253 WHA (PR)<br><br>**DENIAL OF CERTIFICATE OF APPEALABILITY** |

      This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The petition was denied in an order entered on March 27, 2008. Judgment was entered that day. Petitioner has filed a notice of appeal, which will be treated as also being a request for a certificate of appealability ("COA"). *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (if no express request is made for a COA, the notice of appeal shall be deemed to constitute a request for a certificate).

      A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

Petitioner contended that his "validation" as a gang member, and consequent placement in the Security Housing Unit where he was unable to earn good time credits, was unconstitutional because there was insufficient evidence to validate him as a gang member, that validating him as a gang member based in part on his possession of a list of Nahuatl words violated his First Amendment rights, and that the institution's ban on use of Nahuatl words was unconstitutional. There was evidence of petitioner's involvement with the "Mexican mafia" sufficient to satisfy the "some evidence" standard, without considering the evidence regarding Nahuatl. This not only satisfied the due process standard for cases such as this, but also meant that any First Amendment violation in the consideration of the Nahuatl evidence did not affect the length of petitioner's sentence, so could not be the basis for habeas relief.[1] This reasoning would not be debatable among jurists of reason. The motion for a certificate of appealability implied from the notice of appeal is **DENIED**.

In view of the denial of a COA, petitioner's motion to be supplied with portions of the record (document number 31) is **DENIED** without prejudice to renewing it if the circuit grants a COA.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, see R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, see R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: May   5  , 2008.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.04\AVILA253.COA.wpd

---

[1] Although it was not necessary to resolve the issue in this case, it was rejected by this Court in his civil rights case. *See Avila v. Woodford*, No. C 05-2063 WHA (PR) (Order Sept. 28, 2007).